```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

CHRISTINA A. WINSEY-RUDD,

       Plaintiff,

v.                                    Case No. 8:16-cv-2288-T-33TBM

ROBERTSON, ANSCHUTZ & SCHNEID,
P.L.,

       Defendant.
_____/

**ORDER**

This matter comes before the Court in consideration of Defendant Robertson, Anschutz & Schneid, P.L.'s Motion to Dismiss or for More Definite Statement (Doc. # 7), filed on September 16, 2016. Pro se Plaintiff Christina A. Winsey-Rudd filed a response in opposition on September 29, 2016. (Doc. # 14). The Court grants the Motion to the extent set forth herein.

**I.  Background**

Winsey-Rudd brought this action on August 10, 2016, alleging Robertson, Anschutz & Schneid violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. The Complaint appears to allege Robertson, Anschutz & Schneid violated §§ 1692c, 1692d, 1692e, 1692f, and 1692g. However,

1

as discussed more fully below, the Court finds the Complaint to be deficient.

## II. Legal Standard

On a Rule 12(b)(6) motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) (stating "[o]n a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the

2

complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

Furthermore, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The moving party "must point out the defects complained of and the details desired." Id. In determining whether to require a more definite statement, courts "look to the pleading requirements of Rule 8 . . . ." Morales v. Cooperativa de Seguros Multiples de Puerto, No. 8:12-cv-849-T-33TGW, 2013 WL 4047013, at *2 (M.D. Fla. Aug. 9, 2013). Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that satisfies the notice requirement of Rule 8 is sufficient to endure a Rule 12(e) motion . . . ." Morales, 2013 WL 4047013, at *2.

### III. Discussion

In an FDCPA action, "a Plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has

3

engaged in an act or omission prohibited by the FDCPA.'" Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (citations omitted).

The Court construes pro se pleadings liberally and holds them to a less stringent standard than pleadings drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). This liberal construction "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Pro se litigants must follow the procedural rules. Id.

A defendant should move a district court—and district courts, notwithstanding a failure to so move, are under an independent obligation to order a repleader—when faced with a shotgun pleading. Barr v. One Touch Direct, LLC, No. 8:15-cv-2391-T-33MAP, 2016 WL 1621696, at *5 (M.D. Fla. Apr. 22, 2016) (citations omitted). Here, Robertson, Anschutz & Schneid argues that all but possibly two allegations are conclusory. Upon review, the Court agrees.

4

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings," which, most pertinent to this action, include complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," or that do "not separate[e] into a different count each cause of action or claim for relief." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Winsey-Rudd's Complaint spans eleven pages of long-winded, conclusory allegations. Furthermore, the Complaint is ambiguous as to the facts supporting Winsey-Rudd's claim; indeed, the reader is left wondering whether the violation rests on Robertson, Anschutz & Schneid's sending of notices bearing its letterhead or on Robertson, Anschutz & Schneid filing of a foreclosure action, or both. The Complaint also does not separate out each alleged violation of the FDCPA that Winsey-Rudd may be attempting to assert.

Accordingly, the Court finds it appropriate to dismiss the Complaint without prejudice, and to afford her leave to file an amended complaint. In so doing, the Court notes that the Federal Rules of Civil Procedure "work together 'to require the pleader to present [her] claims discretely and

5

succinctly . . . .'" <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Robertson, Anschutz & Schneid, P.L.'s Motion to Dismiss or for More Definite Statement (Doc. # 7) is **GRANTED** to the extent provided above.

(2) Pro se Plaintiff Christina A. Winsey-Rudd's Complaint (Doc. # 1) is **DISMISSED**, with leave to amend. Should Winsey-Rudd elect to file an amended complaint, she must do so by November 14, 2016.

(3) If an amended complaint is not filed by November 14, 2016, the Court will close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of October, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE