UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA A. WINSEY-RUDD,

    Plaintiff,

v.                              Case No. 8:16-cv-2288-T-33TBM

ROBERTSON, ANSCHUTZ & SCHNEID,
P.L.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court in consideration of Defendant Robertson, Anschutz & Schneid, P.L.'s Motion to Dismiss Amended Complaint with Prejudice (Doc. # 22), filed on November 22, 2016. Pro se Plaintiff Christina A. Winsey-Rudd filed a response in opposition on December 4, 2016. (Doc. # 23). The Court grants the Motion to the extent set forth herein.

**I.**    **Background**

Winsey-Rudd brought this action on August 10, 2016, alleging Robertson, Anschutz & Schneid violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (Doc. # 1). Upon the motion of Robertson, Anschutz & Schneid, the Complaint was dismissed and Winsey-Rudd was granted leave to

amend. (Doc. ## 7, 18). Winsey-Rudd filed her Amended Complaint on November 11, 2016, which appears to allege Robertson, Anschutz & Schneid violated §§ 1692c, 1692d, 1692g, 1692i, and 1692j. (Doc. # 21). Robertson, Anschutz & Schneid again moves to dismiss with prejudice. (Doc. # 22).

## II. Legal Standard

On a Rule 12(b)(6) motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true

a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." <u>St. George v. Pinellas Cty.</u>, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III. **Discussion**

In an FDCPA action, "a Plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt[] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" <u>Fuller v. Becker & Poliakoff, P.A.</u>, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (citations omitted).

The Court construes pro se pleadings liberally and holds them to a less stringent standard than pleadings drafted by attorneys. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998)). This liberal construction "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." <u>GJR Invs., Inc. v. Cty. of Escambia</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), overruled in part on other grounds as recognized in <u>Randall</u>

3

v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Pro se litigants must follow the procedural rules. Id.

A defendant should move a district court—and district courts, notwithstanding a failure to so move, are under an independent obligation to order a repleader—when faced with a shotgun pleading. Barr v. One Touch Direct, LLC, No. 8:15-cv-2391-T-33MAP, 2016 WL 1621696, at *5 (M.D. Fla. Apr. 22, 2016) (citing Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014); McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-Orl-31KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings," which, include complaints that do "not separate[e] into a different count each cause of action or claim for relief." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

In dismissing the first Complaint, the Court noted that the Complaint, among other deficiencies, "[did] not separate out each alleged violation of the FDCPA that Winsey-Rudd may be attempting to assert." (Doc. # 18 at 5). Although the Amended Complaint is an improvement, it still does not separate out each alleged violation of the FDCPA that Winsey-Rudd may be attempting to assert into separate counts. To be

4

sure, Winsey-Rudd lumps together five different violations, each based on a different statute, in her one and only count brought in the Amended Complaint. (Doc. # 21 at 5-6). The Amended Complaint is therefore a shotgun pleading because it does "not separate[e] into a different count each cause of action or claim for relief." <u>Weiland</u>, 792 F.3d at 1322-23.

Furthermore, the Court notes that the Federal Rules of Civil Procedure "work together 'to require the pleader to present [her] claims discretely and succinctly . . . .'" <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). Thus, verbose allegations that do not directly advance the claims asserted by providing supportive factual allegations, such as Paragraphs 2-4, are unnecessary and work against the teachings of <u>Fikes</u>. Accordingly, the Court finds it appropriate to dismiss the Amended Complaint without prejudice, and to afford Winsey-Rudd leave to file a second amended complaint.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Robertson, Anschutz & Schneid, P.L.'s Motion to Dismiss (Doc. # 22) is **GRANTED** to the extent provided above.

5

(2) Pro se Plaintiff Christina A. Winsey-Rudd's Amended Complaint (Doc. # 21) is **DISMISSED**, with leave to amend. Should Winsey-Rudd elect to file a second amended complaint, she must do so by January 8, 2017.

(3) If a second amended complaint is not filed by January 8, 2017, the Court will close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of December, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE